Stein, J.E
Appeal from an order of the Supreme Court (Teresi, J.), entered April 26, 2013 in Albany County, which, among other things, denied defendant’s cross motion for summary judgment dismissing the complaint.
This case involves facts similar to those set forth in Northern Elec. Power Co., L.P. v Hudson Riv.-Black Riv. Regulating Dist. (122 AD3d 1185 [2014] [decided herewith]). Briefly, plaintiff is *1221 the owner and operator of a hydroelectric power plant (hereinafter hydro) downstream from the Conklingville Dam. Defendant is a New York public benefit corporation that maintains and operates dams — including the Conklingville Dam — reservoirs and appurtenant facilities in the Hudson River and Black River districts for the purpose of regulating the rivers’ flow (see ECL 15-2103, 15-2137). Since the 1920s, defendant has levied annual assessments against hydros such as plaintiff (see ECL 15-2121). In 2006, another hydro filed a complaint with the Federal Energy Regulatory Commission (hereinafter FERC) challenging the assessments levied by defendant since it became a FERC licensee. FERC concluded that certain costs assessed by defendant were preempted by the Federal Power Act (see 16 USC § 803 [f]), but that it was unauthorized to direct defendant to issue refunds for assessments paid. That hydro appealed FERC’s decision arguing, among other things, that all costs assessed by defendant were preempted and that FERC should have issued refunds. In 2008, a federal appeals court determined that the Federal Power Act preempted state law and, as a result, defendant could not levy assessments against hydros pursuant to ECL 15-2121 (see Albany Eng’g Corp. v Federal Energy Regulatory Commn., 548 F3d 1071, 1076 [2008]). In view of that decision, plaintiff commenced this action in November 2012 seeking a refund of all assessments paid between 2002 and 2008. After issue was joined, plaintiff moved for summary judgment in its favor and defendant cross-moved for summary judgment dismissing the complaint asserting, among other things, that the action was not timely commenced. Supreme Court found, among other things, that this action was timely and that plaintiff was entitled to summary judgment in its favor. Defendant now appeals.
Based upon the legal analysis set forth in Northern Elec. Power Co. v Hudson Riv.-Black Riv. Regulating Dist. (supra), we find that the action is untimely. Notably, unlike the plaintiffs in Northern Elec. Power Co., here, plaintiff did not join in the federal administrative challenge to the assessments that preceded the above-mentioned federal decision. Moreover, plaintiff commenced this action a decade after paying its 2002 assessment and four years after the last payment was made in 2008 without having provided defendant with any notice that it was paying the 2002-2008 assessments under protest. Thus, we reverse Supreme Court’s order and dismiss the complaint.
McCarthy, Rose and Clark, JJ., concur.
Ordered that the order is reversed, on the law, with costs, plaintiffs motion denied, defendant’s cross motion granted, summary judgment awarded to defendant and complaint dismissed.